RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; TEÓDULO LLAMAS MUÑIZ, Intervener.

No. 136.   Argued January 10, 1947.—Decided March 10, 1947.

*Luis Negrón Fernández, Acting Attorney General,* and *Carlos Santana Becerra, Assistant Attorney General,* for petitioner. *Clemente. Ruiz Nazario* and *F. L. San Miguel* for intervener, complainant in the main proceeding.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In this case we granted the petition of the Treasurer for certiorari to review the decision of the Tax Court. In accordance with our previous practice, our writ contained a routine provision requiring the Tax Court to submit to us any testimony taken at the trial. The Tax Court accordingly ordered its reporter to file a transcript of the evidence taken

at the trial within twenty days. This period expired and no transcript was filed. The Treasurer nevertheless filed his brief in this court within the period provided by our rules. The taxpayer has moved to dismiss.

The taxpayer contends that this proceeding has not been perfected because of the failure to file the transcript pursuant to our direction. He also alleges that the Treasurer refers to the testimony of witnesses in his brief, and that he cannot answer the argument of the Treasurer based on these portions of the testimony unless the transcript of evidence is filed herein.

■■ We take this opportunity to point out that although our mandate is directed to the Tax Court because we review its decisions by a special form of certiorari, as a practical matter such controversies are between the parties in the Tax Court, and not between the aggrieved party and the Tax Court. The duty to file the transcript of the evidence therefore rests on the petitioner if he is interested in having the transcript before us, and not on the Tax Court, although in form our order is directed to the latter.

■■ Since our review of decisions of the Tax Court is confined to questions of law, our decisions can sometimes be made without recourse to the transcript of the evidence. It would therefore be an unnecessary burden to require the petitioner to file such a transcript in every case. The petitioner must decide for himself if in his opinion the questions he is raising require us to consider all or any part of the testimony. When he fails to take the necessary steps to bring the record of the testimony here, he runs the risk that we may find he cannot prevail because the testimony is necessary for us to determine if the Tax Court made an error of law. But he is entitled to run that risk and to pursue his remedy here without filing a transcript of the evidence.

In view of the aforesaid considerations, we recently changed our practice. We no longer provide as a matter of routine, when we grant a petition for certiorari to review a

decision of the Tax Court, that a transcript of the evidence be filed here. The petitioner now has the duty to proceed on his own initiative in the Tax Court to obtain and file here a transcript of such testimony as he wishes us to consider.

In this particular case the Treasurer in his answer to the motion to dismiss asserts that the questions herein are "primordially" questions of law. However, the fact remains that the Treasurer does refer to some of the testimony in his brief. If the Treasurer wishes us to consider these portions of the testimony, they must be duly presented here. By the same token, if the taxpayer feels that other parts of the testimony are also needed for us to consider the questions raised by the Treasurer, he may present a motion to that effect in the Tax Court.

As the wording of the order under our previous practice, which was used in this case, may have led the parties to believe that they had no duties in connection with the filing of the transcript of the evidence here, we shall grant the Treasurer ten days to file an appropriate motion in the Tax Court, if he chooses to do so, in connection with this matter. If the Treasurer files such a motion requesting certification to this Court of only a part of the transcript of evidence, the Tax Court should grant the taxpayer a reasonable time to determine if the latter wishes to move that other parts of the transcript should also be included.

The Treasurer has already filed his brief here. Unless the Treasurer files a motion here for leave to file an amended brief, the taxpayer will be given 30 days to file his brief in this court from the date the transcript of the evidence is filed herein or from the date we are advised by the parties that no transcript will be filed here.

■ The taxpayer also complains that the eight errors set forth in the petition for certiorari are not assigned or discussed separately in the brief of the Treasurer as required by our Rule 11(a). But our Rules do not require the peti-

tioner to argue in his brief every alleged error recited in his petition. In his brief the Treasurer clearly assigns two errors which he discusses amply in the brief. He has therefore complied with our Rules in this respect.

The motion to dismiss will be denied.